**Abatement Order filed May 29, 2014**



In The

# Fourteenth Court of Appeals

————————

## NO. 14-12-00939-CR

————————

**LADONDRELL MONTGOMERY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1328816**

## ABATEMENT ORDER

Appellant challenges the trial court's order denying his motion to suppress evidence in the underlying aggravated robbery prosecution. We have concluded that the trial court's findings do not provide us with a basis to review the trial court's application of the law to the facts regarding the validity of the inventory search conducted by Officer Kennedy.

The trial court is required to make "essential findings," meaning "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *State v. Saenz*, 411 S.W.3d 488, 495 (Tex. Crim. App. 2013). Although findings and conclusions were not requested, the record reflects the trial court *sua sponte* made findings of fact and/or conclusions of law. Accordingly, we must abate and remand unless those findings and conclusions "were adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings." *Elias v. State,* 339 S.W.3d 667, 676 (Tex. Crim. App. 2011).

Here, the trial court's findings are inadequate regarding the inventory search conducted after the stop and arrest. The trial court made specific findings of fact and reached conclusions of law regarding the stop and the arrest; however, there were no findings regarding the validity of the subsequent inventory search challenged by appellant. In particular, the trial court did not find whether there was an inventory policy addressing this factual scenario; whether Officer Kennedy followed the standard procedures under any policy that existed; whether Officer Kennedy conducted the search in good faith or as a pretext for an investigatory motive; or whether the scope of the search was reasonable. This Court cannot review appellant's first issue on appeal without these dispositive determinations.

We therefore abate this appeal and remand this case to the trial court for entry of the essential findings and conclusions that were omitted, including those mentioned above and any others the trial court deems appropriate. A supplemental clerk's record containing the additional findings of fact and conclusions of law shall be filed with this Court no later than June 30, 2014. This appeal will be reinstated after the supplemental clerk's record is filed.

PER CURIAM

Panel consists of Justices McCally, Busby and Donovan.